UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TAUNYA KELLER, | ) | |
| BRAD KELLER, | ) | |
| L. KELLER, and | ) | |
| A. AYERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.:   3:24-cv-421-TAV-DCP |
| | ) | |
| MONROE COUNTY, TENNESSEE, | ) | |
| MONROE COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| SWEETWATER POLICE DEPARTMENT, | ) | |
| MADISONVILLE POLICE | ) | |
| DEPARTMENT, CITY OF | ) | |
| MADISONVILLE, TENNESSEE | ) | |
| CITY OF SWEETWATER, | ) | |
| TENNESSEE | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is the parties' Joint Motion to Stay [Doc. 25], in which the parties

request that the Court stay this matter pending the resolution of related federal criminal

proceedings.  The parties state that plaintiff Brad Keller is facing criminal prosecution in

this Court for being a felon in possession of a firearm.  The parties suggest that the outcome

of the criminal action will likely affect at least some of the counts in the amended complaint

in this civil matter.

The Court maintains the discretion to stay a civil proceeding pending the outcome

of a related criminal action.  *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627

(6th Cir. 2014).  Factors bearing on this determination include:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Additionally, the Court should consider "the extent to which [a] defendant's Fifth Amendment rights are implicated." *See id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).

Here, the parties have demonstrated that the factors warrant the Court staying this case pending resolution of the criminal action in this Court. First, the cases arise from the same alleged conduct [Doc. 25, p. 2]. Second, plaintiff has already been indicted in the criminal matter [*Id.* (citing Case No. 3:24-cr-5)]. Third, a stay is in plaintiff's interest because it will allow him to avoid simultaneous litigation of the civil and criminal actions, as well as any Fifth Amendment privilege issues that may arise during the discovery process in this case [*Id.* at 3]. Fourth, given the joint nature of the motion, defendants apparently do not believe that they will suffer no substantial prejudice from a stay [*See id.*]. As to the fifth and sixth factors, a stay will promote judicial economy because resolution of the overlapping criminal case could moot or narrow issues raised in this case.

In summary, the Court agrees with the parties' arguments and will stay this civil action pending the resolution of the related criminal case. The parties' Joint Motion to Stay [Doc. 25] is **GRANTED**. This case is **STAYED** pending resolution of the related criminal case in this Court. The parties are **ORDERED** to notify the Court within **<u>fourteen</u>**

**(14) days** of the resolution of the criminal case.  The parties are further **ORDERED** to file a joint status report regarding the status of the criminal matter **ninety (90) days** from the date of this Order, and every **ninety (90) days** thereafter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE